[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15318
Non-Argument Calendar
_____

Agency No. A088-524-602

QIULING LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 26, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Qiuling Lin, a Chinese national, appeals the Board of Immigration

Appeals's ("BIA") denial of her second motion to reopen her removal proceedings. She contends that the BIA should have granted her motion based on ineffective assistance of counsel, arguing that her submissions were sufficient to comply with the procedural requirements. She also argues that the BIA should have granted her motion because of changed country conditions in China.

I.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). This review is limited to determining whether the BIA has exercised its administrative discretion and whether the exercise of that discretion was arbitrary or capricious. *Id.* When the BIA did not expressly adopt the immigration judge's ("IJ") reasoning, we review only the BIA's decision. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). If a party fails to make an argument in its opening brief, we deem that argument abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Here we conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen because, on this record, no exception to the timeliness and numerosity requirements applies.

A party may file only one motion to reopen, which must be filed "no later than 90 days after the date on which the final administrative decision was rendered

in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Such motions are disfavored. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). Among the grounds upon which an alien may rely in such a motion is ineffective assistance of counsel. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005).

Here, Lin filed a second motion to reopen her immigration proceedings in May 2011. This was nearly two years after the IJ rendered a decision in July 2009 and, therefore, exceeded the time limitation set forth in 8 C.F.R. § 1003.2(c)(2). Further, because Lin had already filed one motion to reopen, her 2011 motion was also numerically barred. 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations are not subject to equitable tolling in this case.[1] *See Abdi*, 430 F.3d at 1150. There are, however, several exceptions to the one motion and ninety day limit. *See generally* 8 C.F.R. § 1003.2(c)(3).

---

[1]     Citing *Abdi* and *Anin v. Reno*, 188 F.3d 1273 (11th Cir. 1999), the government argues that the ninety day filing time is mandatory and jurisdictional. We need not decide that question because Lin's second motion to reopen in this case was filed in May 2011, a year and ten months after the IJ's July 15, 2009 decision. This motion accused Lin's attorney of ineffective assistance of counsel for failing to appeal that July 2009 decision. We cannot conclude that the BIA abused its discretion in denying a motion to reopen that is so untimely (based on conduct almost two years before) and one which provides no adequate explanation of the reasons for the extended delays. Thus, we need not evaluate whether the BIA correctly applied *Lozado* in holding that Lin's attorney did not render ineffective assistance. *See Matter of Lozado*, 19 I. & N. Dec. 637 (BIA 1988). For the same reason, there is no need for the remand which Lin seeks to develop evidence of prejudice from counsel's performance.

II.

The time and numerical limitations discussed above do not apply to a motion to reopen with new evidence "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  An alien seeking to show that such evidence is material, however, "bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case."  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256–57 (11th Cir. 2009).  A change in personal circumstances alone does not entitle an alien to this exception.  *Zhang*, 572 F.3d at 1319.

The BIA has the discretion to deny a motion to reopen for at least three reasons: (1) failure to establish a *prima facie* case for asylum or withholding of removal; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite statutory eligibility for relief, an alien was not entitled to a favorable exercise of discretion.  *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007).

The BIA is not required to discuss every piece of evidence presented.  *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (reviewing an IJ's

4

denial of an application for withholding of removal after the BIA adopted the decision without opinion).  Rather, it must only "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  *Id.* (quotation omitted).  However, the BIA is required to give reasoned consideration to the evidence and make "adequate findings."  *See Mezvrishvili v. U.S. Att'y Gen.*, 467 F.3d 1292, 1295 (11th Cir. 2006) (remanding case for the BIA to make adequate findings).

First, Lin has abandoned any arguments about the BIA's conclusions regarding authentication of village documents, the notice addressed to her, and letters submitted by relatives on her behalf, because she failed to make them in her brief.  *Access Now, Inc.*, 385 F.3d at 1330 ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").  Regarding the other materials, including State Department cables and various 2010 reports, we conclude that the BIA did not abuse its discretion in concluding that these documents did not show changed country conditions.

The State Department cables, for example, do not provide any information to show that the country conditions in China have changed between 2009 and 2011.  Lin submitted government cables showing that "China's coercive practices

5

include involuntary abortion to control fertility and regulate the population" and that a program in China supported or participated "in the management of a program of coercive abortion resulting from China's birth limitation policies and practices." But this cable appears to have been drafted and sent in 2002; thus, it cannot show any changed conditions between 2009-2011. Additionally, the 2010 Commission Report submitted by Lin shows that coercive practice "continue in China," which does not meet Lin's heavy burden of demonstrating that conditions have changed.[2]

We hold that the BIA did not abuse its discretion by denying Lin's second motion to reopen.

**PETITION DENIED.**

---

[2]    Lin also argues that the BIA failed to address some of her evidence she submitted when making its asylum determination based on religious persecution. But again, the BIA is not required to discuss all evidence presented, and we hold that the BIA "announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Tan*, 446 F.3d at 1374.